## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:13-cv-02285-RPM

TDP, INC. d/b/a VERGENT PRODUCTS, INC., a Colorado corporation,

              Plaintiff,

v.

STELLAR LASERS LLC d/b/a SCALARWAVE LASERS, a Nevada limited liability company,

              Defendant.

---

## AGREED PROTECTIVE ORDER

---

      Plaintiff TDP, Inc. d/b/a Vergent Products, Inc. and Defendant Stellar Lasers, LLC d/b/a Scalarwave Lasers have agreed to the entry of this order in light of the need to facilitate ongoing discovery in this civil action which might encompass information of a confidential nature. As a result of the parties' agreement, this Court finds that just cause exists for the entry of the following order:

      **IT IS THEREFORE ORDERED THAT:**

      1.     Except as otherwise provided below, the term "Confidential Material," as used herein, shall mean any document, electronic file, disclosure, data, thing, deposition testimony, or interrogatory answer produced, given, or served in this litigation and designated by any "party" (which is defined as any person or entity from whom discovery was sought and includes both parties and non-parties to this litigation) as "Confidential Material." Any information contained in or derived from any Confidential Material, shall be subject to the provisions of this Protective Order until further order of the Court.

2.      Any qualifying material shall be designated as Confidential Material by stamping the legend "Confidential Material" on each page thereof as to which confidentiality is claimed. All copies of Confidential Material shall again be stamped or otherwise labeled "Confidential Material" if the duplicating process by which copies of such Confidential Materials are made does not reproduce the original stamp. Any qualifying material that has been produced or disclosed prior to entry of this Order may be designated as "Confidential Material" in a letter specifying the bate-number and appropriate designation or by re-producing the material stamped as "Confidential Material."

3.      Material designated as "Confidential Material" shall include, without limitation, (i) personal or other information not generally known by others concerning the personal or financial affairs of the designating party or of other persons or entities referenced in such information; (ii) general business information and business financial information of the designating party or its or his principals, shareholders, members, partners, employees, attorneys, authorized agents, officers, directors or of other persons or entities referenced in such information; and (iii) any other non-public information of a confidential or sensitive nature which the designating part reasonably believes, in good faith, should be protected from disclosure as provided in this Agreed Protective Order.

4.      Any deposition transcripts or any portion thereof, including exhibits, may also be designated as Confidential Material by:

        a.      stating orally on the record of a deposition that certain exhibits or aspects of testimony are Confidential Material; and/or

        b.      sending written notice within thirty (30) days of receipt of the transcript or the deposition, through designations by page and line, of those portions of

the transcript and/or the exhibits that the party designates as Confidential Material.

5.      Until the thirty-day period for designation of deposition testimony has expired, the entire deposition transcript and all exhibits shall be treated as Confidential Material.

6.      For Confidential Material produced on diskettes, magnetic or electronic media, and other non-paper methods, if the materials are printed or otherwise converted to paper copies of material that is designated as Confidential Material, such documents shall immediately be marked with the appropriate "Confidential Material" stamp prior to distributing such material. The provision of this paragraph shall only apply to material produced in hard copy format in addition to production on diskettes, magnetic media, electronic media, and other non-paper methods.

7.      If any party objects to the designation of any material as Confidential Material, the party shall state the objection by letter to counsel for the party making the designation, particularly identifying the document(s) or information that should not be treated as Confidential Material and the reason(s) supporting the contention that the original designation should be changed. If the parties are then unable to resolve the objection, the party making the designation shall have thirty (30) days from receipt of such written notice within which to file a motion with the Court for a judicial determination of whether the materials were properly designated as Confidential Material pursuant to the terms of this Protective Order. Until the Court rules on any such motion, the discovery materials shall continue to be deemed "Confidential Material" as originally designated. The prevailing party on a motion challenging a "Confidential Material" designation may be entitled to an award of attorney fees and costs incurred in bringing or opposing such motion from the non-prevailing party if the Court determines that the non-

prevailing party's position was unreasonable or without substantial justification.

8.      Documents designated as "Confidential Material" shall not be disclosed to any

person other than the following:

      a.      the Court, persons employed by the Court and stenographers transcribing the testimony or argument at a hearing, trial or deposition in this civil action or any appeal related thereto;

      b.      counsel for the parties in this civil action, in-house counsel and attorneys, clerical, paralegal and other staff employed by such counsel who such counsel determines in good faith reasonably need access to such materials in the prosecution and/or defense of this civil action;

      c.      any named party or, in the case of an entity (including limited partnerships, limited liability companies, and corporations), any director, officer, partner, member, or executive employee thereof, or officer, director, partner or member of a parent company, affiliate or subsidiary of a Party;

      d.      employees of a party actively engaged in assisting that party's attorneys in the conduct of this litigation to the extent reasonably necessary to enable the attorneys for that party to render professional services in the litigation, provided that any such employee has previously signed and delivered to the party's counsel a statement substantially conforming to the form annexed hereto as Exhibit "A";

      e.      persons not employees of any party who are expressly retained to assist such party's counsel ("retaining counsel") in the preparation of this action for trial including, but not limited to, consulting and testifying experts, independent auditors, accountants, statisticians, economists, and other experts, and the employees of such persons (an "Outside Expert"), after such Outside Expert has signed and delivered to retaining counsel a statement substantially conforming to the form annexed hereto as Exhibit "A;"

      f.      insurance claim adjuster (or other insurance company employee), expert witness, consultant, or staff of any insurance company, employed or retained to investigate, adjust, examine, or otherwise assist counsel regarding any claims or defenses pertinent to these proceedings ("Insurance Personnel"). Prior to the disclosure of Confidential Materials to Insurance Personnel, each individual must sign and deliver to retaining counsel a statement substantially conforming to the form annexed hereto as Exhibit "A;"

g.     witnesses or deponents and then only to the extent such disclosure is necessary for their testimony, preparation, or work, after such person has been provided a copy of this Protective Order;

h.     any mediator agreed to by the Parties and the employees thereof;

i.     persons who were originally involved in the creation or receipt of the Confidential Materials;

j.     support vendors or contractors retained by Counsel for functions directly related to this litigation, such as copying, document management, and graphic design; and,

k.     the jury during trial; and,

l.     any other person with the prior written consent of the producing party.

9.     The lists in paragraph 8 may be expanded by mutual agreement in writing by counsel for the parties.

10.    No person allowed to view Confidential Material shall use any Confidential Material for any purpose except as needed solely in connection with or to assist in the prosecution or defense of claims between the parties, and each person shall take all steps reasonably necessary to protect the confidentiality of the material.

11.    Except for use in trial, in the event that any Confidential Material, subject to the protections provided by this Protective Order, is used in motions, briefs, or other documents filed with the Court, such document shall be filed under seal and bear the legend:

"THIS DOCUMENT CONTAINS MATERIALS WHICH ARE
CLAIMED TO BE CONFIDENTIAL
AND COVERED BY A PROTECTIVE ORDER."

12.    Nothing in this Protective Order shall prevent disclosure beyond the terms of this order if each party consents to such disclosure in a writing signed by said parties or, if the Court, after notice and opportunity to be heard to all affected parties, orders such disclosures.   In

addition, this Protective Order does not prevent any counsel of record from utilizing "Confidential Material" in the examination or cross-examination of any person who is indicated on the document as being an author, source or recipient of the "Confidential Material" , irrespective of which party produced such information.

13.     At the trial of this case, any Confidential Material ordered disclosed or which the parties have agreed may be disclosed pursuant to paragraph 14 of this Protective Order shall have the "Confidential Material" stamp removed, or the document shall be copied in such a manner that the "Confidential Material" designation is not visible on the exhibit.

14.     Documents produced without designation or without an appropriate designation may be retroactively designated within sixty (60) days of production in the same manner and shall be treated appropriately from the date written notice of the designation is provided to the receiving party.

15.     The parties recognize that, during the course of this litigation, Confidential Material that originated with a non-party and for which there exists an obligation of confidentiality may be produced. Such information may be designated as "Confidential Material" or pursuant to this Agreed Protective Order by the producing non-party or by one of the parties to this Agreed Protective Order.

16.     This Protective Order shall not be deemed a waiver of:

    a.     any party's right to object to any discovery requests on any ground;

    b.     any party's right to seek an order compelling discovery with respect to any discovery request;

    c.     any party's right in any proceeding herein to object to the admission of any evidence on any ground;

d.   any party's right to use its own documents and its own Confidential Material in its sole and complete discretion; or

e.   the status of any material as a trade secret.

17.   The provisions of this Protective Order are designed for the sole purpose of facilitating discovery in the above-styled and numbered cause. This Protective Order will not, in any manner, be disclosed to any jury which may be empanelled in the above-styled and numbered cause, nor shall it be used, in any manner or form, direct or indirect, as evidence in any trial or hearing, or referenced in any trial or any hearing on the merits of this case, save and except a hearing which involves issues related to the enforcement of any of its terms.

18.   The provisions of this Protective Order shall continue in effect with respect to any Confidential Material until expressly released by the party furnishing such Confidential Material, and such effectiveness shall survive the final determination of this action. Any party may move the Court to amend any portion of this Protective Order. Unless otherwise agreed to by the party producing such Confidential Material, within sixty (60) days of the final determination of this action, each party shall return all Confidential Material in its possession or control, and all copies, derivations and summaries thereof, to the party who furnished it, or certify that all such documents have been destroyed except that Counsel will be allowed to retain material filed with the Court. For purposes of this Protective Order, the "final determination of this action" shall be deemed to be the later of:  (i) full settlement of all claims; (ii) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials and reviews, if any, of this action; or (iii) the expiration of all time limits for the filing of all appeals, rehearings, remands, trials or reviews of this action, including the time limits for the filing of any motions or applications for extension of time pursuant to applicable law.

19.     Counsel for the parties to whom Confidential Material has been furnished shall be responsible for restricting disclosure in accordance with the provisions of this Protective Order and for securing execution of and retaining possession of the statement attached hereto as Exhibit "A," as and when required under the provisions of this Protective Order.

20.     If any party is requested or compelled to produce Confidential Material pursuant to subpoena, document request, or otherwise, such party shall promptly provide a copy of the subpoena or request to the party who made the confidentiality designation.

21.     Nothing herein shall prevent any parties or person from seeking further, greater or lesser protection with respect to the use of any Confidential Material in connection with this civil action, and the provisions of this Order may be modified or amended by the further order of the Court upon agreement of the parties or for good cause shown.

22.     The restrictions set forth in the Order shall not apply to:

   a.     Any documents or information which the non-disclosing party possessed prior to or obtained outside of the formal disclosure or discovery process.

   b.     Any information which at the time of the disclosure under this Order is available to the public;

   c.     Any information which after disclosure under this Order becomes available to the public through no act, or failure to act, on behalf of the receiving party, its counsel, or any recipient of designated material under this Order.

23.     The fact that material is designated under this Order shall not determine or affect what a trier of fact may find to be confidential or trade secrets. Except for obligations created by

or arising under this Order, no designation or acceptance of any designation pursuant to this Order shall constitute an admission or acknowledgment that the material so designated is in fact proprietary, confidential or trade secret.

24.    By agreeing to the entry of this Order, the parties adopt no position as to the authenticity or admissibility of documents subject the order.  Neither the taking of any action in accordance with the provisions of this protective order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action.

DATED at Denver, Colorado this _25_ day of November, 2013.

BY THE COURT:

UNITED STATES DISTRICT JUDGE

9

AGREED AS TO FORM AND SUBSTANCE:


s/ Lara S. Nochomovitz
Wm. David Byassee, #16363
Lara S. Nochomovitz, #41329
JACKSON KELLY PLLC
1099 18th Street, Suite 2150
Denver, Colorado 80202
Telephone: 303.390.0003
dbyassee@jacksonkelly.com
lnochomovitz@jacksonkelly.com

Counsel for Plaintiff TDP, Inc. d/b/a
Vergent Products, Inc.

s/ C. Brenton Kugler
C. Brenton Kugler, Esq.
Texas Bar No. 11756250
Charlene C. Koonce, Esq.
Texas Bar No. 11672850
SCHEEF & STONE, L.L.P.
2601 Network Blvd., Suite 102
Frisco, TX 75034
214.472.2100
brent.kugler@solidcounsel.com
charlene.koonce@solidcounsel.com

Counsel for Defendant Stellar Lasers LLC
d/b/a ScalarWave Lasers
Nicholas P. Hansen, Esq.
HANSEN LAW FIRM, LLC
3773 Cherry Creek N Dr., Suite 575
Denver, CO 80209
303.785.7777
nick@hansenlawfirm.com

Local Counsel for Defendant Stellar Lasers,
LLC

**Exhibit A**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:13-cv-02285-RPM

TDP, INC. d/b/a VERGENT PRODUCTS, INC., a Colorado corporation,

        Plaintiff,

v.

STELLAR LASERS LLC d/b/a SCALARWAVE LASERS, a Nevada limited liability company,

        Defendant.

### STATEMENT REGARDING CONFIDENTIALITY

I am familiar with and agree to be bound by the terms of the Protective Order issued in the above-entitled litigation that is pending in the United States District Court for the District of Colorado for the purpose of protecting against the improper disclosure of information designated in that Protective Order as "Confidential Material."

I will only make copies of or notes concerning documents designated "Confidential Material" as are necessary to enable me to render the assistance required in connection with or to assist in the prosecution or defense of claims between the parties, and all such notes and copies shall be preserved in a separate file maintained as confidential and marked for disposal or destruction upon completion of this litigation.

I will not reveal the contents of any "Confidential Material" to any unauthorized person.

I will not use "Confidential Material" for any purpose other than to facilitate or pursue the prosecution or defense of claims between the parties.

DATED _____.


By:_____


Name:_____
        (print name)